UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| Kenneth P. Saalfrank, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No. 08-cv-0046-JL |
| v. ) | |
| ) | |
| Town of Alton et al., ) | |
| ) | |
| Defendants ) | |

AMENDED JOINT DISCOVERY PROTECTIVE ORDER
BY PLAINTIFF AND ALTON DEFENDANTS

Pursuant to Fed. R. Civ. P 26(c) and L.R. 7.1, upon motion by Plaintiff and Alton Defendants ("parties"), by and through their authorized counsel, and it appearing that the discovery process in this action may involve the production of information and documentation that a party may contend is confidential, nonpublic, personal, proprietary, commercially sensitive, or individually sensitive that requires the protection provided in this Order, and that good cause exists for the entry of an Order limiting the disclosure of such information,

IT IS THEREFORE ORDERED that:

1. The parties producing information may designate discovery documents and other information produced to either party in this litigation and its counsel as "Confidential" ("Confidential Material") or "Attorneys' Eyes Only Confidential Material" ("AEO Confidential Material") if such party in good faith believes that such discovery material contains nonpublic, confidential, personal, personnel, proprietary, commercially sensitive information or individually sensitive information that requires the protection provided in this Order. Such designation shall

-1-

be made by stamping the word "Confidential" or "AEO Confidential Material" on the document at issue or by clearly designating in writing to the receiving parties and their counsel those documents or that information which is considered to be confidential (Confidential Material) or highly confidential (AEO Confidential Material).

      2.      Subject to a Court order relieving them of the obligation of abiding by this Order, parties and/or their counsel receiving Confidential Material or AEO Confidential Material pursuant to this Order shall, at least during the discovery phase of this litigation, keep confidential, except as specifically allowed herein, or as allowed by Court order, documents, other information, and deposition testimony, including the information contained therein, which has been designated as Confidential or AEO Confidential Material by the producing party.  In this regard, the receiving parties and/or their counsel shall not disclose, publish or otherwise disseminate the Confidential Material or AEO Confidential Material (or information contained therein), directly or indirectly, to any parties, except as provided for herein, and shall not use or disclose Confidential Material or AEO Confidential Material for any purpose other than the prosecution, defense, appeal or settlement of the above-styled action and the claims alleged herein by the respective parties.

      3.      Confidential Material shall not be disclosed or made available to anyone except:

      a.      the Court under seal;

      b.      the parties to this action and officers, directors or employees of the parties who are actively participating in the prosecution or defense of this action, or who are witnesses in this action; *provided*, *however*, that the parties may only inspect or view Confidential Material at the offices of their counsel, and may neither make nor retain copies of such material, or make or retain notes summarizing its contents;

       c.      counsel for the parties to this action and employees of said counsel;

       d.      experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action subject to the provisions of Paragraphs 6 and 9 of this Order;

       e.      court reporters engaged to record depositions, hearings or trials in this action;

       f.      graphics, design, or litigation consultant services retained by counsel described in Paragraph c, above, for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 9 of this Order; and

       g.      former employees of the defendants, deponents, and other witnesses, but only after agreement by the parties or Order of the Court, and conditioned upon compliance with Paragraph 6(b) of this Order.

    3A.  "AEO Confidential Material" shall not be revealed, disclosed or made available for inspection and copying, directly or indirectly, to any person or entity whatsoever, including the parties, **except:**

       a.      to the Court, provided it is filed under seal;

       b.      to counsel for the parties to this action and employees and agents of said counsel;

       c.      to experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action subject to the provisions of Paragraphs 6 and 9 of this Order;

        d.    court reporters engaged to record depositions, hearings or trials in this action; and

        e.    graphics, design, or litigation consultant services retained by counsel described in Paragraph c, above, for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, subject to and conditioned upon compliance with Paragraph 9 of this Order;

    4.    Use of Confidential Material and/or AEO Confidential Material in Discovery.

(a) Information disclosed in depositions shall be treated as Confidential until at least ten days after each party's counsel receives the transcript of the deposition. A party or nonparty producing entity or witness shall have the right to designate any or all such information as Confidential by notifying opposing counsel in writing, within ten days after the party receives the transcript, of the specific pages and lines of the transcript which counsel contends are Confidential. Alternatively, a party may designate such information as Confidential Material by indicating on the record at the deposition that the testimony constitutes Confidential Material which is subject to the provisions of this Order.

(b) Before asking about or referring to AEO Confidential Material in a deposition, Counsel of Record must alert opposing counsel, and ensure that all parties and persons not authorized to have access to such material have left the room.

    5.    Nothing in this Order shall prevent or restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of either Confidential Material or AEO Confidential Material which counsel are permitted to view under this Order. However, as described in paragraph 3(b) above, while the parties can review Confidential Material with their counsel, they may do so only at counsel's offices, and the parties may not

obtain or keep copies of Confidential Material, or make or retain notes of the contents of such material.  Nothing in this Order shall effect or apply to a producing party's use or disclosure of its own Confidential Material.

      6.      Disclosure of documents or information designated as Confidential Material pursuant to this Order shall be handled as follows:

          a.      Any person described in subparagraphs 3(a), (c) and (e) of this Order is bound by the provisions of this Order without the necessity of executing a confidentiality agreement;

          b.      Before Confidential Material is disclosed to any person set forth in subparagraphs 3(b), (d), (f), and (g), the party disclosing the information shall inform the person to whom the disclosure is to be made that the information is Confidential and shall be used for the purposes of the prosecution or defense of this action only, and shall provide a copy of this Order to such person and obtain from the person to whom the disclosure is to be made, prior to disclosure, a signed confidentiality agreement in the form attached hereto as <u>Exhibit A</u>;

          c.      As long as Confidential Material is handled in accordance with this Order, this Order shall not be construed as prohibiting or restricting the use of Confidential Material during depositions, any hearing, the trial of this matter, or any appellate proceeding.  Similarly, no party shall be deemed to have waived any objections as to the admissibility of any Confidential Material into evidence in connection with any proceeding in this action.

      7.      The Protective Order shall not apply to the trial of this matter and the parties agree to renegotiate in good faith the subject matter of this Order.  All evidentiary proceedings shall be governed by the Federal Rules of Evidence and such rulings as the Court deems appropriate.

8. Any party objecting to the designation of any information as Confidential Material or AEO Confidential Material must give counsel for the designating party written notice of its reasons for the objection, and the parties shall attempt to resolve their differences. Failing resolution, the party objecting may seek an order changing or removing the designation, however, the burden shall remain with the party asserting the designation and withholding information by claiming it is protected to demonstrate that such protection is necessary. The disclosure of information or documents designated as Confidential Material or AEO Confidential Material pursuant to the terms and conditions of this Order shall not be construed or deemed a waiver of, and is without prejudice to, any claim by the producing party that such information or document constitutes or comprises confidential information.

9. The parties may retain independent experts or consultants to assist in the prosecution or defense of this action. Any expert, prior to being shown any Confidential Material or AEO Confidential Material from another party, shall be provided with a copy of this Order and shall sign a copy of the attached acknowledgment form agreeing to be bound by the terms of this Order.

10. Counsel shall retain the original of each acknowledgment form signed by a person obtaining access to Confidential Material or AEO Confidential Material and shall, if required by the Court, provide such forms to the Court for inspection and review.

11. Nothing in this Order shall prevent the disclosure of Confidential Material or AEO Confidential Material beyond the terms of this Order if the party that produced the information consents in advance in writing to such disclosure.

12. This Order shall not limit or in any way restrict the right of any person or entity to use, disseminate, dispose of, or otherwise benefit from (i) its own confidential information; (ii)

documents or information obtained other than through discovery in this action and not otherwise subject to obligations of confidentiality, or (iii) documents or information obtained from any person or entity with authority to provide such documents or information independent of any confidentiality requirement imposed by this Order.

13. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the Court, or to seek and obtain additional protection with respect to Confidential Material or AEO Confidential Material as such party may consider appropriate.

14. This Order shall remain in effect for the period of this litigation and subsequent to its termination so as to protect the confidentiality of the Confidential Material or AEO Confidential Material.

15. Ultimate disposition of materials and information protected by this Order is subject to a final order of the Court upon completion of litigation. However, in the absence of a final order of the Court addressing the disposition of Confidential Material or AEO Confidential Material, the parties agree to destroy or return to counsel of record producing such documents not later than forty-five (45) days after the termination of this litigation, any and all documents in their possession or control containing information which is the subject of this Order, including without limitation, any copies or excerpts of such documents.

It is so ORDERED this 17th day of February 2009.

/s/ Joseph N. Laplante
The Honorable Joseph N. Laplante
United States District Judge

530682_1.DOC

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

I have read and am familiar with the terms of the Protective Order governing the disclosure of confidential information in the case of *Saalfrank v. Town of Alton, et al*, Case No. 08-cv-0046-JL, and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information or material obtained pursuant to that Order other than for purposes of this litigation.

I also agree to return to counsel of record not later than thirty (30) days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

Signature: _____

Name: _____

Date: _____